Richard BUCK, administrator of the estate of Howard Buck, deceased, Plaintiff-Appellant,

v.

NEW YORK CENTRAL RAILROAD, an Illinois corporation, and New York, Chicago & St. Louis Railroad Company, a corporation existing under the laws of Illinois, New York, Pennsylvania, Indiana and Ohio, Defendants,

and

Chicago, Rock Island and Pacific Railroad Company, a Delaware corporation, Defendant-Appellee.

No. 12830.

United States Court of Appeals Seventh Circuit.

March 1, 1960.

———◆———

G. Wallace Roth, John W. Gustafson, Chicago, Ill., for appellant.

O. L. Houts, Milton V. Thompson, Chicago, Ill., for defendant-appellee Chicago, R. I. & P. R. Co.

Before HASTINGS, Chief Judge, SCHNACKENBERG, Circuit Judge, and STECKLER, District Judge.

SCHNACKENBERG, Circuit Judge.

Plaintiff, Richard Buck, administrator of the estate of Howard Buck, deceased, has appealed from an order of the district court entered September 2, 1959, insofar as the court thereby granted the motion of Chicago, Rock Island and Pacific Railroad Company, a Delaware corporation, herein referred to as Rock Island, to dismiss plaintiff's case for lack of jurisdiction.

A complaint, filed by plaintiff on August 22, 1957, was answered by the three railroad corporations named as defendants in the caption hereof.

On April 20, 1959, plaintiff filed an amended complaint, consisting of two counts. Each count charged the same three defendants with negligence, and prayed for judgment against them jointly and severally. There was no count against any single defendant.

Rock Island joined in a motion to dismiss the amended complaint, for lack of jurisdiction, filed on May 20, 1959, on the ground, *inter alia*, that it has its principal place of business in the state of Illinois and, as such, is a citizen of that state within the meaning of 28 U.S.C.A. § 1332, as amended effective July 25, 1958, and that plaintiff is a citizen and resident of the state of Illinois. These facts as to the state citizenship of plaintiff and Rock Island are

not controverted. Therefore, the court entered the order from which the appeal has been taken.

 Inasmuch as defendant Rock Island and plaintiff were both citizens of Illinois on April 20, 1959, jurisdiction of the district court based on diversity of citizenship did not exist. The amended complaint superseded the prior complaint. 71 C.J.S. Pleading § 321, p. 716.

In this court plaintiff's counsel suggests that he could have dismissed either or both of the other defendants when it appeared that diversity of citizenship did not exist between them and plaintiff. The fact remains that he did not do so but chose to leave all of the defendants in the case and to stand upon an amended complaint which contained no counts charging a several liability against any one of them. In this condition of the record, the district court's order was proper and it is affirmed.

Affirmed.